# In the United States District Court for the Southern District of Georgia Brunswick Division

```
UNITED STATES OF AMERICA,    )
                             )
v.                           )     CR 2:11-003
                             )
GREGORY ALAN SMITH,          )
                             )
     Defendant.              )
```

## ORDER

Before the Court is Defendant Gregory Smith's motion for early termination of supervised release, dkt. no. 51, to which the Government has filed a response in opposition, dkt. no. 52. For the reasons below, Defendant's motion is **DENIED**.

## BACKGROUND

Pursuant to a written plea agreement, Defendant pleaded guilty to Counts 2 and 4 of the Indictment, that is, possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k). Dkt. Nos. 35, 39. On October 12, 2011, the Court sentenced Defendant to fifty-four months as to each Count, to be served consecutively, for a total term of 108 months' imprisonment. Dkt. No. 39. The Court further ordered that Defendant serve three years of supervised release as to each Count, to be served concurrently,

and imposed special conditions of supervision, as well as a $200 special assessment. Id.

On or about December 13, 2021, Defendant was released from Bureau of Prisons' custody and commenced his term of supervision. On November 28, 2022, after Defendant began acting erratically during a routine supervision visit, the Court modified his conditions of supervision to include mental health treatment, as well as taking all medications as prescribed by his mental health treatment provider. Dkt. No. 50. Defendant has completed twenty-three months of his thirty-six month term of supervision and now moves the Court for early termination of same. Dkt. No. 51.

In his motion, Defendant states he has complied with the terms of his supervision. Id. The Court further notes that Defendant has recently obtained part-time employment and has maintained a stable residence, and he has paid his special assessment in full. However, Defendant's term of supervision has not been without incident. Defendant tested positive for cannabinoids in both August 2022 and February 2023. Additionally, Defendant has a serious criminal history, including three prior convictions involving possession or sale of cocaine. During the instant offense, Defendant was responsible for 2.1 kilograms of marijuana and four firearms.

Under 18 U.S.C. § 3583(e)(1), a "court may, after

considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and in the interests of justice."

While the Court commends Defendant for his efforts while under supervision, the Court must carefully weigh a favorable adjustment to Defendant's supervision against his offenses of conviction. After consideration of his offenses, criminal history, and the § 3553 factors, the Court **DENIES** Defendant's motion. Dkt. No. 51.

**SO ORDERED** this 28 day of November, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA